## Spears v. Spears.

(Decided June 15, 1923.)

### Appeal from Johnson Circuit Court.

1. Divorce—Inference of Unchastity Not Drawn from Evidence Warranting an Inference of Innocence.—In an action by a husband for divorce, an inference of unchastity on the part of the wife will not

be indulged, where the evidence shows occurrences from which misconduct on her part could or could not be inferred.

2. Divorce—Evidence Held Not to Show Wife's Unchastity.—In a suit for divorce, evidence of occurrences from which the wife's unchastity might or might not be inferred, but which were explained by her consistent with her innocence, and of a single act of intercourse testified to by a witness who was entitled to slight credit under the circumstances, held insufficient to establish the wife's guilt.

3. Divorce—Husband's Petition Properly Dismissed, on Proof of His Infidelity.—The petition by a husband for divorce on the ground of his wife's unchastity, and for the return of property conveyed to her in consideration of the marriage, was properly dismissed, where it was shown beyond contradiction that the husband was guilty of infidelity.

W. H. VAUGHAN & SON for appellant.

HOWES & HOWES and F. P. BLAIR for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

On April 13, 1915, Enoch Spears conveyed to Doratha Fitzpatrick, now Spears, in contemplation of marriage, a small tract of land in Johnson county, the consideration for which was that the grantee would marry appellant and "live with first party till separated by death, and failing to perform these conditions this deed is to be null and void." On the same day the parties were married. They lived together as husband and wife for several years, and two children were born to them. In 1920 Spears filed this suit in the Johnson circuit court for divorce on the ground that defendant had violated her martial vows, and had acted in such manner as proved her to be unchaste. He asked for an absolute divorce, and that the deed referred to be set aside and held for naught.

Defendant denied the allegations as to unchastity, and alleged her willingness to live with and care for plaintiff, although she affirmatively averred that he had been unfaithful to her. She further alleged that shortly after her marriage she received $1,150.00 from her mother's estate, most of which she had spent in supporting the plaintiff and their two children, and part of which had been spent for doctors and hospital bills in effecting a cure of a disease that plaintiff had contracted in viola-

tion of his marital vows. A reply denying and seeking to avoid these affirmative allegations was filed. On the hearing before the chancellor the petition was dismissed, and from that ruling Spears has appealed.

It is argued for appellant that the facts shown in the proof entitle him to a divorce, and, that being true, it was error to refuse to set aside the deed to the land. It may be conceded that, if the evidence warranted the granting of a divorce, the judgment, both in respect to the refusal to grant the divorce and to set aside the deed of conveyance, is reviewable by this court and must be reversed. Both questions, however, depend on a correct interpretation of the facts on which the court's ruling was based.

To include in this opinion a discussion of the evidence would neither afford precedent for other causes of this kind nor elucidate the conclusions that we have reached. It is enough to say that the proof for appellant, with a single exception, shows occurrences from which misconduct on the part of appellee could or could not be inferred. On such testimony the inference of unchastity will not be indulged. The direct evidence on this point was given by a sister of appellant, who was quite old. She testified that she saw appellee commit an act of unchastity, but her testimony, when examined in the light of probable accuracy, is to say the least entitled to slight weight. The evidence for appellee tends to show that the incidents relied on as proving her unchaste were not reasonably susceptible of the suspicions attached to them by appellant. Furthermore, it was proved that appellee had been kind to appellant and had shown him every attention that she could be reasonably expected to show, considering his advanced age and enfeebled condition. She is industrious and has done the work of a man in earning a support for herself and her children, as well as appellant. She has spent all of her inheritance—a part of it in maintaining the home, and, as we have remarked, a considerable part in trying to effect a cure of a disease that appellant contracted in violation of his marital vows.

After considering all of the evidence we are not inclined to the view that appellee was guilty of unchaste conduct, but, even if it could be said that the evidence sustains appellant's claim in that respect, it is a fact, shown beyond contradiction, that he was guilty of like

infidelities, as a result of which he contracted a loathsome disease. Under Smith v. Smith, 181 Ky. page 55, this was sufficient to require the dismissal of the petition.

The judgment is affirmed.